IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEXANDER BRICKHOUSE, et al.,

    Plaintiffs,

vs.                                        No.   3:12-cv-00593-DRH-PMF

JOHN REDSTONE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.    INTRODUCTION

Pending now before the Court are Defendant City of Granite City's ("Granite City") motion for attorney's fees and costs (Doc. 48) and Defendants John Redstone ("Redstone") and Richard Dawes' ("Dawes") motion for attorney's fees and costs (Doc. 46). Plaintiff Avianne Khalil ("Khalil") filed a response (Doc. 53). Khalil has also filed a motion for consideration of her response as to all Defendants (Doc. 55). As a preliminary matter, the Court **GRANTS** Khalil's motion for consideration. For the following reasons, the Court **GRANTS** Granite City's motion for attorney's fees and costs and **GRANTS IN PART AND DENIES IN PART** Redstone and Dawes' motion for attorney's fees and costs.

### II.    BACKGROUND

Plaintiffs Khalil and her son, Alexander Brickhouse ("Brickhouse") filed this action on May 8, 2012 alleging claims under 42 U.S.C. § 1983 for violations of Brickhouse's Constitutional rights and various Illinois state law claims. The action arises out of an incident occurring on May 9, 2010 whereby Brickhouse was allegedly removed from Khalil's vehicle, taken into Defendants' police station, and beaten. Khalil brought one claim against Defendants, an Illinois state law claim for negligent infliction of emotional distress (Count VIII).

On July 2, 2012, Redstone and Dawes filed a motion to dismiss and an answer that were stricken by the Court for failure to follow the procedural rules for filing. On July 5, 2012, Redstone and Dawes refiled their motions to dismiss (Docs.15, 16). The motion did not include the affirmative defense that Plaintiffs' state law claims were barred by the statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act (the "Act"). The Act limits claims against public entities and their employees to one year from the date of occurrence. 745 ILCS 10/8-101. On August 9, 2012, Granite City filed a motion to dismiss Count IV for failure to state a claim (Doc. 21). While Granite City's motion included a statute of limitations argument, it did not address Khalil's negligent infliction of emotional distress claim. Redstone and Dawes then filed a second motion to dismiss on August 29, 2012 (Doc. 27). Redstone and Dawes' second motion to dismiss, however, did assert a statute of limitations argument against Khalil's claim.

On October 2, 2012, the Court granted Granite City's motion to dismiss (Doc.

21) and Redstone and Dawes' second motion to dismiss (Doc. 27). The Plaintiffs failed to respond to Defendants' motions to dismiss and, pursuant to Local Rule 7.1(c), the Court considered the Plaintiffs failure to respond as an admission on the merits. Khalil therefore admitted that her state law claim was barred by the statute of limitations. Thereafter the Court directed Khalil to file a brief regarding her standing to pursue the remaining § 1983 claims. On November 1, 2012, Plaintiff was deposed as a party of the suit. On December 12, 2012, after failing to brief the standing issue, the Court dismissed Khalil from the suit.

On December 28, 2012, Defendant Granite City and Defendants Redstone and Dawes filed separate motions for attorney's fees. Granite City provides the Affidavit of its attorney, Ronald A. Roth ("Roth") (Doc. 48-1) in support of its motion. Roth attests that his office billed fees of "at least $2,500," and that his hourly rate is $135.00 and his associates' hourly rate is $130.00. Redstone and Dawes provide the affidavit of their attorney, Jane Unsell ("Unsell") (Doc. 46-1) as well as an invoice from Miles Reporting Company (the "Invoice") (Doc. 46-2) in support of their motion. Unsell attests that her office billed fees and costs also of "at least $2,500" and that her hourly rate is $125.00 and her associates' hourly rate is $110.00. The Invoice provides that the total cost for the November 1, 2012 deposition of Khalil was $826.50 which includes $60.00 for the attendance of the reporter, $760.50 for an original transcript, and $6.00 for shipping and handling. Both attorneys argue that their request is "fair and reasonable" considering their hourly rate and the amount of time they spent defending the frivolous claim against

the Defendants (Doc. 46 at 6-7; Doc. 48 at 5).

In response, Khalil argues that Defendants Redstone and Dawes failed to raise the statute of limitations affirmative defense in their initial responsive pleadings and have therefore waived it under Fed. R. Civ. P. 8(b)(6). In the alternative, Khalil asserts that if the state law claims were filed after the statute of limitations and Defendants properly responded, that "filing after the statute of limitations does not make a case frivolous or without merit or even bad faith" (Doc. 53 at 6). Khalil also argues that Khalil did not continue to litigate her claim but that Defendants Redstone and Dawes' subjected Khalil to the deposition at issue and that she was likely going to be deposed as a witness even if she was not a party to litigation.

### III. ANALYSIS

Defendants have moved pursuant to Fed. R. Civ. P. 54(d) and the Civil Rights Attorney's Fees Awards Acts, 42 U.S.C. § 1988 for attorney's fees as to the claim of Khalil of at least $2,500 for each firm and $826.50 in costs and expenses.

Attorney's fees may be assessed when the Plaintiff's claim is frivolous, unreasonable, or without foundation, even if the claim was not brought in bad faith. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Plaintiff's claim "must be groundless or without foundation, but the fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Cooney v. Casady,* ___ F.3d ___, 2013 WL 4406668, at *7 (7th Cir. Aug. 19, 2013) (internal quotations omitted). Even if the allegations initially reasonably

state a claim, the Plaintiff may be subject to a fee award if the Plaintiff continues to litigate after it becomes clear that his action lacks factual substance. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Coates v. Bechtel*, 811 F.2d 1045, 1053 (7th Cir. 1987). "When a civil rights suit is lacking in any legal or factual basis, an award of fees to the defendant is clearly appropriate to deter frivolous filing and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Munson v. Milwaukee Bd. of School Directors,* 969 F.2d 266, 269 (7th Cir. 1992).

The Court finds that Khalil's claim was frivolous at the time of filing. The alleged violations occurred on May 9, 2010 and the Plaintiffs filed this action on May 8, 2012. Khalil therefore filed her claim well beyond the Illinois state statute of limitations period had run. Although Khalil argues that the Defendants did not plead the statute of limitations affirmative defense in their first responsive pleadings and therefore waived it, the Court notes that Khalil did not respond to Redstone and Dawes' second motion to dismiss, where Plaintiffs did raise the statute of limitations defense, and therefore admitted to it, Furthermore, Plaintiffs' counsel should be aware of the Illinois state statute of limitations and, if not, could have easily discovered the limitation before filing Plaintiffs' state law claims.

Plaintiffs' counsel each requests "at least $2,500." The Court finds this fair and reasonable because Plaintiffs' attorneys indicate that, given their hourly rates and time spent on this case, they billed their clients more than $2,500.

However, the Court finds that Khalil did not continue to litigate the claim after its dismissal. While Khalil did submit to a deposition on November 1, 2012, the Court notes that Khalil would have likely been deposed as a witness to the incident for the remaining § 1983 claims and that Defense counsel had the option to cancel its own deposition.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant City Granite City's motion for attorney's fees (Doc. 48) and **GRANTS IN PART AND DENIES IN PART** Defendants John Redstone and Richard Dawes' motion for attorney's fees and costs (Doc. 46) as follows:

1) The law firm of Roth Law Offices, LLC is awarded $2,500.00 in attorney's fees.

2) The law firm of Unsell & Schattnik is awarded $2,500.00 in attorney's fees.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2013.

Digitally signed by
David R. Herndon
Date: 2013.09.23
12:24:00 -05'00'

**Chief Judge**
**United States District Court**