IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALEXANDER BRICKHOUSE,**

    **Plaintiff,**

vs.   No.   3:12-cv-00593-DRH-PMF

**JOHN REDSTONE, et al.,**

    **Defendants.**

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending now before the Court are defendant John Redstone's ("Redstone") motion for judgment on the pleadings (Doc. 64) and defendant City of Granite City's ("Granite City") motion to dismiss (Doc. 66) and motion for summary judgment (Doc. 68). Plaintiff Alexander Brickhouse ("Brickhouse") responded (Doc. 72). For the following reasons, the Court **GRANTS** defendants' motions.

This action arises out of an incident occurring on May 9, 2010 whereby Brickhouse was allegedly removed from his mother Avianne Khalil's ("Khalil") vehicle, taken into defendants' police station, and beaten. On May 8, 2012, plaintiffs filed a nine-count complaint against Officer Redstone, Officer John Dawes ("Dawes"), unnamed officers John Does I-XXX, and Granite City alleging claims under 42 U.S.C. § 1983 for violations of Brickhouse's Constitutional rights and various Illinois state law claims. Subsequently, the Court dismissed Counts IV-IX (Doc. 32), plaintiff Khalil (Doc. 37), and defendant Dawes (Doc. 63). The Court

further ordered that plaintiff had until April 1, 2013 to name the John Doe officers (Doc. 37, p.1 n.1). Currently pending before the Court is a single plaintiff Brickhouse asserting Counts I and II against Redstone, individually and in his official capacity, and the unnamed officers as well as Count III against Granite City.

Defendant Redstone argues in his motion for judgment on the pleadings (Doc. 64) that while Counts I and II successfully plead that plaintiff's constitutional rights may have been violated, they do not include any allegations that support that the violations occurred in defendant Redstone's official capacity, namely, in conjunction with a written policy, a long-standing custom or practice, or the act of a final policy maker. Therefore Redstone argues that he should be dismissed in his official capacity. In plaintiff's response (Doc. 72), he agrees that Redstone is entitled to judgment on the pleadings as to Counts I and II in his official capacity *only*. (emphasis added). Neither plaintiff nor defendant addresses Redstone in his individual capacity.

Defendant Granite City presents the Court with two interrelated motions asserting two issues. First, Granite City argues that the unnamed officers should be dismissed from the case because plaintiff has failed to comply with the Court's order dated November 29, 2012 requiring disclosure of the unnamed officers by April 1, 2013. Plaintiff does not respond to this argument. The record reflects that plaintiff has not yet disclosed the names of the Doe officers. Second, Granite City argues that it cannot be held liable for a 1983 violation under the doctrine of *respondeat superior* "for an injury inflicted solely by its employees or agents."

*Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 650, 694 (1978). Plaintiff "acknowledges that there is insufficient evidence to establish municipal liability as required by *Monell*. . . " (Doc. 72).

Accordingly, the Court **GRANTS** defendant John Redstone's motion for judgment on the pleadings (Doc 64) and **GRANTS** defendant City of Granite City's motion to dismiss (Doc. 66) and its motion for summary judgment (Doc. 68). Defendant Redstone, in his official capacity only, defendants unnamed officers John Does I-XXX, and defendant Granite City are **DISMISSED with prejudice**. Further, Count III is **DISMISSED with prejudice**. At the close of the case, the Court directs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of November, 2013.

David R. Herndon
2013.11.07
17:41:22 -06'00'

**Chief Judge**
**United States District Court**