IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEXANDER BRICKHOUSE,

      Plaintiff,

vs.                              No.   3:12-cv-00593-DRH-PMF

JOHN REDSTONE,

      Defendant.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Now before the Court are defendant John Redstone's ("Redstone") first set of motions in limine (Doc. 81) and plaintiff Alexander Brickhouse's ("Brickhouse") first set of motions in limine (Doc. 83) and second set of motions in limine (Doc. 84). Defendant responded to plaintiff's motions (Docs. 85, 86) and plaintiff responded to defendant's motions (Doc. 88). For the following reasons, the Court **GRANTS** Redstone's first set of motions in limine (Doc. 81) and **GRANTS in part** and **DENIES in part** Brickhouse's first and second sets of motions in limine (Docs. 83, 84).

    **I.    Defendant Redstone's First Set of Motions in Limine (Doc. 81)**

    Defendant requests that the Court enter in limine orders forbidding plaintiff, any person testifying on plaintiff's behalf, or plaintiff's attorneys from questioning any witness, at any portion of the trial including voir dire, the testimony of the case, opening and closing statements, references to or questions to 14 items. Plaintiff

concedes items 8-11 but objects to the remainder. The Court will therefore address the outstanding items.

**Items 1 and 2.** Defendant first moves in limine to exclude any testimony relating to fights or fighting whatsoever Officer Redstone was involved in or may have been involved in while in high school at Granite City High School and when he was a member of the United States Marine Corps. Defendant asserts that these incidents occurred more than 15 years ago and therefore are too remote in time to be relevant. He also argues that these incidents were not such that he was charged with a crime or otherwise court marshalled, but instead may have faced informal reprimands. Finally, he states that there is no indication that these altercations were in anyway substantially similar to the current matter.

Plaintiff asserts that Officer Redstone's history of fighting is relevant and necessary to show that his present abusive behavior was not a mistake. Plaintiff further argues that while acts occurred more than 15 years ago, the similarity of defendant's actions should outweigh the lapse in time and that the probative value of the evidence is not substantially outweighed by unfair prejudice.

Pursuant to Federal Rule of Evidence 404(b), evidence of prior bad acts is inadmissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." To determine the admissibility of such acts, the Court reviews whether: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar

enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value foo the evidence is not outweighed by the danger of unfair prejudice." *Duran v. Town of Cicero, Illinois*, 653 F.3. 632, 645 (7th Cir. 2011) (quoting *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000)).

The Court agrees with defendant. Officer Redstone graduated from high school in 1992 and was thereafter in the Marine Corps. until 1998. The Court finds these incidents to be irrelevant because they are too remote in time and dissimilar. Furthermore, the danger of unfair prejudice outweighs the probative value of the evidence. Therefore, the Court grants plaintiff's request.

**Items 3, 4, 5, 14.** Defendant next moves in limine to exclude certain complaints or reprimands against Officers Redstone and Dawes. Defendant asserts that these complaints or reprimands are not substantially similar to currently alleged conduct and that introduction of these matters would be more prejudicial than probative. Furthermore, defendant argues several of these complaints were too remote in time and/or determined to be unfounded.

Plaintiff asserts that these complaints and reprimands should be admitted because they are relevant to the current conduct. Specifically, items 3 and 5 demonstrate that defendant "either does not know the policy and procedures of his department or deliberately refuses to follow them" (Doc. 88 at 3), item 4 is evidence of Officer Redstone's knowledge, motive, intent, opportunity, plan, or absence of mistake in committing the current act, and item 14 indicates that the Police

Department's finding that "the complaints against Officer Redstone were unsubstantiated is not warranted" (Doc. 88 at 11).

Applying the same test outlined above, the Court finds that these complaints or reprimands against Officers Redstone and Dawes are too dissimilar, irrelevant, and that the prejudice of outweighs the probative value of the evidence. Therefore, the Court grants defendant's request.

**Item 6.** Defendant also moves in limine to exclude any testimony regarding the decision by the Madison State's Attorney to *nolle prosequi* four of the six charges stemming from this incident against the defendant. Defendant clarifies that this decision resulted from the defendant's agreement to plead guilty to the remaining two charges. He asserts that any evidence relating to this process would be irrelevant to any of the issues in this case, would confuse the issues, and would be prejudicial to the defendant. In his response, plaintiff asserts that evidence that four of the six charges were dropped "may show that the arrest was unwarranted and is therefore particularly relevant to the instant matter" (Doc. 88 at 8).

The Court agrees with defendant's assessment. "A *nolle prosequi* is not a final disposition of a case but is a procedure which restores the matter to the same state which existed before the Government initiated the prosecution." *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). Further, plea bargains as to dismissed charges are irrelevant. Therefore, the Court grants defendant's request.

**Item 7.** Defendant additionally moves in limine to exclude any lay testimony that Officer Redstone used excessive force. Defendant asserts that

pursuant to Federal Rule of Evidence 701, lay opinion must be limited to the observations of the witness "that are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702" (Doc. 81 at 7-8, quoting *Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012)). Plaintiff counters that while defendant is technically correct regarding the rule, lay witnesses are able to "testify as to their opinions and inference, even about ultimate issues in the case. . . (Doc. 88 at 8, quoting *United States v. Locke*, 643 F.3d 235, 239 (7th Cir. 2011)).

Pursuant to Federal Rule of Evidence 701, "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002)) (internal citation and quotations omitted).

The Court finds that non-expert witnesses may testify as to the facts only and may not give any opinion regarding whether they believe the actions of the defendant amounted to excessive force. The question of excessive force will be left for the jury to decide from the facts as they are presented. Therefore the Court grants defendant's request.

**Items 12 and 13.** Finally, defendant moves in limine to exclude testimony regarding rumors about the Granite City Police force, specifically as bullies on the street, as generally violent, has a problem, is known for using excessive force or does not properly supervise its officers. Defendant asserts that this evidence is hearsay and irrelevant. He further argues that the prejudicial effect to of the testimony outweighs its probative value. In his response, plaintiff argues that this evidence falls under hearsay exception Rule 803(21), reputation concerning character. Specifically that the Police Department's reputation as bullies and their consistent use of excessive force is relevant to the current case to show that plaintiff had a justified fear of the officers at the time of his arrest.

The Court agrees with defendant and grants his request. Pursuant to Federal Rule of Evidence 803(21), the "reputation among a person's associates or in the community concerning the person's character" is admissible as an exception to the hearsay rule. However, the statements at issue do not fall into this exception. First, any statements regarding the Police Department as a whole do no fall into this exception because it is not a "person" for purposes of this rule. Second, the Rule does not cover out of court statements that the plaintiff has heard including rumors or stories.

Therefore, Redstone's first set of motions in limine (Doc. 81) is **GRANTED.**

## II. Plaintiff Alexander Brickhouse's Motions in Limine

Plaintiff requests that the Court enter an in limine order forbidding defendant or any person testify on defendant's behalf, or defendant's counsel, the

testimony of the case, opening and closing statements, references to or questions about four items. Defendant objected to each issue, addressed in turn below.

**Item 1.** First, plaintiff moves in limine that the Court exclude any testimony regarding any drug use by Brickhouse (Doc. 83). Plaintiff asserts that this evidence would not be relevant to the current case. In his response, defendant argues that witnesses should be able to testify and make reference to plaintiff's drug use and possession on the date of the alleged occurrence, May 9, 2010.

The Court concurs with defendant. While evidence of plaintiff's past drug use is clearly irrelevant, the alleged drug use at the time of the incident and associated paraphernalia is relevant. Therefore the Court grants in part and denies in part defendant's request.

**Item 2.** Plaintiff next moves in limine to exclude testimony regarding the religion or religious practices or preferences of plaintiff or his mother. Plaintiff asserts that this evidence is not relevant. In his response, defendant states that it is his belief that plaintiff and his mother will testify and introduce evidence related to his mother's religion at trial. Specifically, defendant believes that plaintiff will claim that he was arrested because of his mother's religious beliefs. Therefore, defendant asserts he should be allowed to cross-examine the plaintiff and his mother regarding her religious beliefs as well as offer testimony from witness that plaintiff and his mother were not discriminated against because of plaintiff's mother's religion.

The Court again grants in part and denies in part plaintiff's request.

Testimony regarding plaintiff's mother's religious beliefs is irrelevant unless plaintiff opens the door including during jury selection. In that case, defendant must be allowed to address the matter of religion in response with wide latitude.

**Item 3.** Plaintiff also moves in limine to exclude the "CenterPointe Records" documenting Brickhouse's visits to the mental health care institution (Doc. 84). Plaintiff asserts that he is entitled to a statutory privilege against such disclosure pursuant to the Illinois Mental Health and Developmental Disabilities Confidentiality Act. 740 ILCS 110/10. Further, plaintiff argues that the records are irrelevant. In his response, defendant asserts that plaintiff has put his mental health at issue in this case. Defendant also notes that plaintiff failed to object to his requests to admit, establishing the foundation of the records.

The Court agrees with defendant. The foundation for the records has been established by the plaintiff (Doc. 61) and the plaintiff caused his mental health to be an issue in this case. Furthermore, the mental health records and their content are generally relevant. Therefore the Court denies plaintiff's request.

**Item 4.** Finally, plaintiff moves in limine to exclude the FBI's investigation report regarding the attack on Brickhouse (Doc. 84). Plaintiff asserts that introduction of the FBI's report is hearsay and not subject to a hearsay exception. Plaintiff also argues the report is not relevant unless used for the purpose of impeachment. In his response, defendant concedes that the Report contains statements that would be inadmissible hearsay. However, defendant also requests the ability to introduce the Report for impeachment purposes and if plaintiff opens

the door regarding the FBI's assessment.

The Court finds that the FBI's assessment of the incident is impermissible hearsay. As for the Report's use for impeachment, the Court finds that this use is also likely barred under Rule 602. However, the Court is unable to make that determination with the record before it and therefore reserves any ruling on the impeachment issue.

Therefore the Court **GRANTS in part** and **DENIES in part** plaintiff's motions in limine (Docs. 83, 84).

### III. Conclusion

Accordingly, the Court **GRANTS** defendant John Redstone's first motion in limine (Doc 81) and **GRANTS in part** and **DENIES in part** plaintiff Alexander Brickhouse's motions in limine (Docs. 83, 84). The Court reminds the parties that this case is set for Final Pretrial Conference on April 29, 2014 at 1:30 PM.

**IT IS SO ORDERED.**

Signed this 14th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.14 12:59:33 -05'00'

**Chief Judge**
**United States District Court**