IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER BRICKHOUSE and AVIANNE KHALIL,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JOHN REDSTONE, RICHARD DAWES, CITY OF GRANITE, JOHN DOE OFFICER 1 – XXX and LITTLE HILLS HEALTHCARE, L.L.C.,<br><br>  Defendants. | Case No. 12-cv-593-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant City of Granite's ("Granite City") Motion for Attorney Fees (Doc. 91). Plaintiff Alexander Brickhouse filed a response (Doc. 100) to which Granite City replied (Doc. 103). For the following reasons, the Court denies the motion.

1. Background

Plaintiffs Brickhouse and Avianne Khalil filed their complaint alleging claims arising under 42 U.S.C. § 1983 for violations of Brickhouse's constitutional rights and various Illinois state-law claims. Specifically, the complaint alleges defendant John Redstone, a police officer of the Granite City Police Department, unconstitutionally removed Brickhouse from Khalil's vehicle and took Brickhouse into the police station where he assaulted and handcuffed him causing severe injury.

The Court dismissed Khalil's claims, leaving Brickhouse as the only remaining plaintiff. Brickhouse alleges two causes of action against Granite City including (1) failure to intervene

and (2) civil conspiracy and concert of action.  On August 9, 2012, Granite City filed a motion to dismiss Brickhouse's "Illinois Common Law Civil Conspiracy and Concert of Action" claim arguing that Brickhouse failed to bring his claim within the applicable one-year statute of limitations.  Brickhouse failed to respond and the Court deemed Brickhouse's failure to respond as an admission of the merits of Granite City's motion.  The Court dismissed the Illinois state law claim on October 2, 2012, leaving only the failure-to-intervene claim pending against Granite City.

On April 19, 2013, Granite City filed its motions to dismiss and for summary judgment.  Granite City argued that the failure-to-intervene claim against it should be dismissed because Brickhouse failed to plead a municipal policy and Granite City could not be held liable solely under a respondeat superior theory of liability.  Granite City specifically pointed out Brickhouse's allegations that the individual defendants failed to follow an express policy set forth by Granite City.  Granite City also submitted evidence that it enforced policies contrary to Redstone's actions.  Brickhouse responded conceding that "there is insufficient evidence to establish municipal liability . . . ." (Doc. 72, p. 1).  The Court granted Granite City's motions to dismiss and for summary judgment and dismissed Granite City from this case.

Granite City now seeks attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and the Civil Rights Attorney's Fees Awards Acts, 42 U.S.C. § 1988.  Granite City contends its fees and costs amount to $49,015.19; however, a determination of the amount of fees would require the analysis of sensitive material that would prejudice defendant Redstone's case.  As such, Granite City asks that the Court grant its motion and defer determination of the amount of fees until the conclusion of this case.  The Court will turn to consider whether Granite City is entitled to fees under § 1988.

2. Analysis

Pursuant to § 1988, a district court may award attorney's fees to the prevailing party of a § 1983 action. 42 U.S.C. § 1988(b). The standard for an award of fees is different for prevailing plaintiffs and prevailing defendants. *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Ill.*, 424 F.3d 659, 675 (7th Cir. 2005). District courts have discretion to award attorney's fees to a prevailing defendant only if it finds the plaintiff's action was frivolous, unreasonable or without foundation, even if the claim was not brought with subjective bad faith. *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 419 (1978). For instance, an award of fees was found appropriate where a plaintiff brought a claim against a state prosecutor who was clearly immune from the claims brought against him. *See Hamilton v. Daley*, 777 F.2d 1207, 1212-13 (7th Cir. 1985). In the instant case, the Court awarded attorney's fees where the state-law claim was brought after the applicable statute of limitations.

In its motion, Granite City maintains it is entitled to an award of attorney's fees on Brickhouse's failure-to-intervene claim because Brickhouse never had evidence that Granite City maintained a policy that would subject it to *Monell* liability and he basis his failure-to-intervene claim on a respondeat superior theory. Granite City points out that Brickhouse pleaded that the officers violated a Granite City policy when they acted. According to Granite City, these allegations affirm that Brickhouse's claim against Granite City was frivolous and unreasonable. Further, Granite City maintains that Brickhouse continued to pursue litigation even after discovery yielded no evidence of a policy that would subject Granite City to municipal liability.

Brickhouse filed his response arguing Granite City is not entitled to fees because Granite City is not a prevailing party as defined by 42 U.S.C. § 1988 and the claim was not frivolous, unreasonable, or groundless. Rather, Brickhouse maintains he agreed to dismiss Granite City

3

because "a strong, meritorious cause of action existed against Officer Redstone, and since recovery for [Brickhouse] against Redstone alone or Redstone and [Granite] City would be the same – [Brickhouse] was not going to recover more by having Redstone and [Granite] City" (Doc. 100, p. 3).  Brickhouse maintains the *Monell* claim was valid; however, he made a determination that he could not obtain sufficient evidence to prove his *Monell* claim.

Granite City cites to *Werch v. City of Berlin*, 673 F.2d 192 (1982) for the proposition that when a plaintiff fails to allege "the existence of a municipal policy . . . causing injury" the case is "meritless."  Granite City further cites to *Bailey v. Hughes*, 815 F. Supp. 2d 1246 (M.D. Ala. 2011) as an analogous case wherein the district court awarded attorney's fees under § 1988.  In *Bailey*, the district court explained that the factual allegations in the complaint only provided support for a respondeat superior claim and were thus without merit.  *Id*. at 1272-73.

*Werch* and *Bailey* are both distinguishable from the instant case.  In *Werch*, the court explained that plaintiff's counsel "during oral argument was unable to identify the existence of any municipal policy causing [the plaintiff]'s alleged injury."  *Id*. at 195.  Here, unlike the plaintiff in *Werch*, Brickhouse maintains that Granite City employed a municipal policy which caused his injuries, but he was just unable to discover evidence of the policy sufficient to sustain his claim at trial.  Like *Bailey*, Brickhouse failed to specifically plead in his complaint that there was a municipal policy subjecting Granite City to *Monell* liability.  However, unlike the plaintiff in *Bailey*, Brickhouse did plead facts from which he could have made a claim that a municipal policy existed.  For instance, Brickhouse alleged that after an officer beat Brickhouse, other officers engaged in behavior to cover up the beating.  Further, Brickhouse indicated that Granite City ignored complaints about the alleged constitutional violations and did nothing to remedy the matter.  As such, these factual allegations could support a municipal liability claim even though

4

Brickhouse did not specifically identify those facts as evidence of Granite City's policy.  The Court also notes that Brickhouse did not continue to pursue the litigation.  Rather, after Granite City filed its motions, Brickhouse conceded he could not produce evidence to support his municipal liability claim.

Based on the foregoing analysis, this Court does not conclude that Brickhouse's failure-to-intervene claim against Granite City was frivolous, unreasonable or without foundation.  As such, the Court finds an award of attorney's fees to Granite City inappropriate.

3. Conclusion

For the foregoing reasons, the Court **DENIES** Granite City's Motion for Attorney Fees (Doc. 91).

**IT IS SO ORDERED.**

**DATED:** October 23, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**

5