IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEXANDER BRICKHOUSE,             )
                                  )
      Plaintiff,                  )
                                  )    Case No: 12-593-SMY-PMF
vs.                               )    CJRA Track B
                                  )
JOHN REDSTONE, Individually,      )
                                  )
      Defendant.                  )

**FINAL PRETRIAL ORDER**

This matter comes before the Court for Final Pretrial Conference held pursuant to Federal Rule of Civil Procedure 16.

I.     **COUNSEL OF RECORD**

      **Plaintiff's Counsel:**    Haytham Faraj
                                  The Law Offices of Haytham Faraj
                                  105 W. Adams Street, Suite 2150
                                  Chicago, IL 60603
                                  Haytham@farajlaw.com
                                  (313) 436-1980

                                  Joseph H. Low, IV
                                  Law Firm of Joseph H. Low, IV
                                  One World Trade Center, Suite 2320
                                  Long Beach, CA 90831
                                  joseph@jhllaw.com
                                  (562) 901-0840

      **Defendant's Counsel:**    Jane Unsell
                                  Erin M. Phillips
                                  Unsell, Schattnik & Phillips
                                  3 S. 6th Street
                                  Wood River, IL 62095
                                  janeunsell@gmail.com
                                  erin.phillips7@gmail.com
                                  (618) 258-1800

No. 12-593-DRH-PMF

1

II.   **NATURE OF THE CASE**

   **Plaintiff's Nature of the Case**:

   On May 9, 2010, Alexander Brickhouse, then a high
school student, was involved in a traffic accident in
Granite City and transported to hospital for treatment of
possible injuries.  Defendant Redstone responded to the
scene.  Redstone went to the hospital and issued Plaintiff
several citations.  Redstone did not notify Brickhouse that
he is under arrest.  Redstone than attempted to interrogate
Alexander Brickhouse.  Mr. Brickhouse' mother-Avianne
Khalil- notified Defendant and his partner that her son did
not wish to speak with them.  An argument ensued and the
police officers left.  Ms. Khalil felt insulted by the way
the officers spoke with her and decided she wanted to file
a complaint against the Defendant.  Alexander was
discharged a few minutes after the officers left.  On the
way out Alexander was observed by Redstone's partner Dawes.
No words were exchanged.  Ms. Khalil left the hospital with
Alexander and went directly to the Granite City Police
Department.  She walked in and requested to file a
complaint against officer Redstone.  At that time Redstone
went out to her car where Alexander was sitting in the
passenger seat quietly listening to music on his ipod.
Redstone with illegal force and violence removed Brickhouse
from the car, threw him against the car and applied
handcuffs with sufficient torque to injure Alexander's
wrists.  Redstone then applied upward force to Alexander's
arms causing injury to his shoulders. Redstone then pushed
Alexander in front of him as Alexander complained to
Redstone that he was hurting him and pleaded with Redstone
to know why he was being arrested.  Redstone entered the
police department and went through the metal door that
allows access to a rear holding area.  Redstone slammed
Alexander's head into the metal door, slammed his body
against the cell doors, threw Alexander to the ground and
kicked and stomped him while he was cuffed and defenseless
stating your bitch or your fucking mother is not going to
get me fired or words that effect.  Alexander Brickhouse
complains of illegal seizure and the use of excessive force
in violation of the 4th and 14th Amendment to the United
States Constitution.

No. 12-593-DRH-PMF

**Defendant's Nature of the Case**:

On May 9, 2010, Alexander Brickhouse was arrested by Officer John Redstone of the Granite City Police Department. Prior to his arrest, the Plaintiff had been involved in a motor vehicle accident where he was transported from the scene to Gateway Regional Medical Center. As a result of the accident and the events that occurred thereafter, the Plaintiff was charged by the Granite City Police Department with an improper left turn into on-coming traffic, failure to reduce speed, failure to wear a safety belt, use of an electronic communication device while operating a motor vehicle, unlawful possession of cannabis less than 2.5 grams, and unlawful possession of drug paraphernalia. These charges ultimately resulted in the arrest of Alexander Brickhouse on May 9, 2010. The Plaintiff claims that the Defendant violated his civil rights under the 4th and 14th Amendment to the United States Constitution by allegedly using excessive force in that arrest and by committing an unlawful and unreasonable seizure. Defendant denies the Plaintiff's allegations and further asserts that he had probable cause to arrest the Plaintiff on that date and that he is entitled to qualified immunity related to the Plaintiff's claims.

III. **JURISDICTION**

    A.    This is an action for:

            Damages arising under 42 U.S.C. § 1983.

    B.    The jurisdiction of the Court is not disputed. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

IV. **UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

    1.    The Plaintiff was involved in a motor vehicle accident

No. 12-593-DRH-PMF

on May 9, 2010, at approximately 12:51 p.m., prior to his arrest by Officer John Redstone of the Granite City Police Department.

2.    The Plaintiff was transported from the scene of the motor vehicle accident by ambulance to Gateway Regional Medical Center.  He was admitted to Gateway Regional Medical Center at 1:24 p.m.

3.    The Plaintiff was diagnosed with **contusions of the face and** contusions of the chest while at Gateway Regional Medical Center. **[*Plaintiff previously agreed to this fact as set forth in bold letters on 4/23/14 and now disagrees*]**.

4.    After the motor vehicle accident on May 9, 2010, the Plaintiff was charged with:

     (a)    Improper Left Turn Into On-Coming Traffic;
     (b)    Failure To Reduce Speed;
     (c)    Failure To Wear A Safety Belt;
     (d)    Use Of An Electronic Communication Device While Operating A Motor Vehicle;
     (e)    Unlawful Possession Of Cannabis Less Than 2.5 Grams; and
     (f)    Unlawful Possession Of Drug Paraphernalia By the Granite City Police Department.

5.    Gateway Regional Medical Center Security staff did not hold the Plaintiff nor did they release him in custody of the Granite City Police Department upon the Plaintiff's discharge at 2:51 p.m. **[*Plaintiff previously agreed to this fact on 4/23/14 and now disagrees*]**.

6.    The Defendant John Redstone arrested the Plaintiff Alexander Brickhouse on May 9, 2010 and booked Alexander Brickhouse at approximately 4:06 p.m.

7.    The Plaintiff was released on bond paid by Steven Brickhouse, Plaintiff's father, on May 9, 2010.  Plaintiff's father, Steven Brickhouse testified it was dusk but light enough that one could still see outside at the time of Alexander Brickhouse's release from the Granite City Police Department.

No. 12-593-DRH-PMF

4

8.    The Plaintiff Alexander Brickhouse was admitted to Christian Hospital ER on May 9, 2010, after his arrest at 9:03 p.m.

9.    The Plaintiff was diagnosed with **contusions of the face** and contusions of the chest wall, and abrasions of the left and right forearm while at Christian Hospital. [***Defendant disagrees to this fact as set forth in bold letters if the Court strikes contusions of the face in Fact No. 3 set forth above***].

The parties propose to convey these facts to the jury in the following fashion:

> Records of Gateway Regional Medical Center
> Records of Christian Hospital
> Accident report of Granite City Police Department,
> Records of Granite City Police Department
> The testimony of witnesses listed in the witness list.

**V.    ISSUES**

Issues for the Jury to decide:

1.    Whether the Defendant used excessive force in arresting the Plaintiff on May 9, 2010;

2.    Whether the Defendant unreasonably seized/arrested the Plaintiff on May 9, 2010;

3.    Whether Defendant unlawfully beat and kicked Plaintiff after arresting him and placing him in handcuff restraints; ***Defendant objects to this as an additional issue for the jury, as there is no battery claim pending.***

4.    Whether the Plaintiff is entitled to compensatory damages;

5.    Whether the Plaintiff is entitled to punitive damages;

6.    Whether the Defendant had probable cause to arrest the Plaintiff;

No. 12-593-DRH-PMF

7.    Whether the Defendant is entitled to qualified
      immunity.

**Issues of Law for the Court to Decide:**

1.    Whether the Plaintiff is entitled to attorney's fees
      pursuant to 42 U.S.C. § 1988.

2.    Whether the Defendant is entitled to attorney's fees
      pursuant to 42 U.S.C. § 1988.

## VI.   WITNESSES

A.    List of witnesses the plaintiff expects to call,
including experts.

Expert witnesses:

None.

Non-Expert Witnesses:

Alexander Brickhouse (Plaintiff)
Avianne Khalil
Steven Brickhouse
Millicent Brickhouse
Police Chief Richard Miller
Officer Carter Burford
Officer Jeffery Grote
Ms. Tammy Riggs
Mr. Blake Strong
Custodian of Records, Dr. Garry Vickar's office
Custodian of Records, Dr. David Shaw's office
Dr. Susan Reynolds        Edwardsville, IL 618-692-1444
[*objection to disclosure of Dr. Susan Reynolds under FRCP
26(a)(2)(D)(i), FRCP 26(a)(3)(B), and the Southern District
of Illinois Uniform Trial Practice and Procedures*].

B.List of witnesses defendant expects to call, including
experts:
C.

No. 12-593-DRH-PMF

<u>Expert witnesses</u>

None other than the Defendant, John Redstone.


<u>Non-Expert Witnesses</u>

1.   Officer John Redstone (Defendant)
2.   Officer Richard Dawes – Granite City Police Dept.
3.   Sergeant Jeffrey Grote – Granite City Police Dept.
4.   Officer Carter Burford – Granite City Police Dept.
5.   Major Jeff Connor – Granite City Police Dept.
6.   Chief Richard Miller – Granite City Police Dept.
7.   Pamela Barr, 2547 Pontoon Road, Granite City, IL 62040
8.   Tammy Vogt, 3337 Village Lane, Granite City, IL 62040
9.   John Selph, 3337 Village Lane, Granite City, Il 62040
10.  Mark Ranck, Department of Justice, 900 East Linton Avenue, Springfield, Illinois.
11.  Thomas Gibbons, Madison County State's Attorney, 157 N. Main Street, Edwardsville, IL 62025.
12.  Records Custodian, Wood River Police Department, 111 N. Wood River Avenue, Wood River, IL.
13.  Carol Hayes, Director of Registrar, East Alton Wood River High School 777 N. Wood River Avenue, Wood River, IL 62095.
14.  Records Custodian, EMS - Granite City Fire Department, 2300 Madison Avenue, Granite City, IL, 62040.
15.  Officer John DeSherlia, Wood River Police Department, 111 N. Wood River, IL 62095. (618) 251-3111.
16.  Officer Joshua Timmons, Wood River Police Department, 111 N. Wood River, IL 62095. (618) 251-3111.


**VII.  <u>EXHIBITS</u>**

**<u>Exhibit Stipulation</u>**

**<u>Plaintiff(s)' Exhibits</u>**

See Plaintiff's Attached Exhibit List

**<u>Defendant(s)' Exhibits</u>**

See Defendant's Attached Exhibit List

VIII.   <u>**DAMAGES**</u>

Plaintiff seeks:

    a.   Economic damages

        i.   Medical expenses

    b.   Compensatory damages:

        i.   Pain and Suffering: $200,000
        ii.  Emotional/Mental Distress and Humiliation:
           $200,000

    c.   Punitive damages: $400,000

    d.   Costs

    e.   Attorney's fees


IX.   <u>**BIFURCATED TRIAL**</u>

    None unless the issue of attorney's fees exists after the verdict is rendered.


X.   <u>**TRIAL BRIEFS**</u>

    [Trial briefs should be filed fourteen (14) days prior to the trial date set by the Court.  The briefs should address any difficult factual or evidentiary issues and set forth each party's theory of liability or defense.]


XI.   <u>**LIMITATIONS, RESERVATIONS AND OTHER MATTERS**</u>

    A.   **Trial Date.**  Trial is set for the week of November 24, 2014.

    B.   **Length of Trial**. The probable length of trial is <u>3-5</u> days. The case will be listed on the trial calendar to be tried when reached.

No. 12-593-DRH-PMF

**Mark Appropriate Box:**

JURY. . . . . . X

NON-JURY. . . . ☐

C.   **Number of Jurors.** 12 jurors.


D.   **Voir Dire.** The Court will conduct the preliminary voir dire.  Participation by counsel will be permitted.  Any voir dire questions which counsel specifically want asked by the Court shall be provided to the Court prior to the panel being seated in the courtroom.


E.   **Motions in Limine.**  Motions in limine shall be filed no later than twenty (20) days before the Final Pretrial Conference. Responses, if any, shall be filed within ten (10) business days thereafter.  Oral argument on motions in limine will only be allowed in exceptional circumstances and will be scheduled when the Court's calendar permits.  Due to the nature of motions in limine, failure to file said motions by this deadline generally will not prejudice a party's ability to move in limine prior to the jury's empanelment.  Later-filed motions, however, may be stricken if their consideration would delay the timely start of the trial.


F.   **Jury Instructions.** The parties must submit jury instructions by 9:00 a.m. on the first day of trial.  The parties shall tender to the Court an original and one copy of each proposed instruction.  The originals shall be on 8½" x 11" plain white paper without any designation or number.  The copies shall be numbered, shall indicate which party tenders them, shall contain a source (e.g., "IPI 2.01"), and shall include a legend indicating whether the instruction was:


_____ withdrawn          _____ given

_____ given as modified   _____ refused

**No. 12-593-DRH-PMF**

9

If possible, instructions also should be submitted to the Court on diskette. Counsel shall provide copies of all proposed instructions to opposing counsel at or before the time they are tendered to the Court.  Counsel should submit to the Court copies of any cases relied on as authority for jury instructions.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: November 25, 2014

s/ Staci M. Yandle
STACI M. YANDLE, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

/S Haytham Faraj_____
ATTORNEY FOR PLAINTIFF

/S Jane Unsell_____
ATTORNEY FOR DEFENDANT

No. 12-593-DRH-PMF