IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEXANDER BRICKHOUSE and
AVIANNE KHALIL,

    Plaintiffs,

  vs.

JOHN REDSTONE, RICHARD DAWES,
CITY OF GRANITE, JOHN DOE OFFICER 1
– XXX and LITTLE HILLS HEALTHCARE,
L.L.C.,

    Defendants.

Case No. 12-cv-593-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Bill of Costs (Doc. 179) to which Plaintiff has objected (Doc. 181). For the following reasons, the Court **DENIES** Defendant's Bill of Costs.

On April 7, 2015, a jury returned a verdict in favor of Defendant. Defendant now seeks costs in the amount of $4,486.37. Plaintiff objects to those costs based on Plaintiff's indigency, Defendant's misconduct, and Defendant's lack of specificity in his bill of costs. In support of his claim of indigency, Plaintiff attaches his own affidavit indicating his 2014 adjusted gross income was $11,107, his monthly expenses are $1,205, and he owes $6,000 in back taxes. His affidavit further indicates he cannot currently pay his expenses and he does not expect his financial status to change within the next year. He also attaches his 2014 tax return indicating his adjusted gross income was $11,107 for the 2014 tax year. Defendant did not respond to Plaintiff's objection.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed

to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course'").

The Seventh Circuit has recognized two situations that warrant the denial of costs: "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338 F.3d at 708. To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include

evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*.

Plaintiff has provided the Court with sufficient evidence to establish that he would be incapable of paying the costs Defendant seeks in his Bill of Costs. Plaintiff's annual household income of $11,107 is below the $11,770 poverty threshold for a one-person household. *See* Annual Update of the HHS Poverty Guidelines, 80 FR 3236, 3237 (Jan. 22, 2015). This income does not allow him to meet his monthly expenses and debt owed to the IRS much less any fees imposed for costs in this case. As such, the Court **DENIES** Defendant's Bill of Costs (Doc. 179).

**IT IS SO ORDERED.**

**DATED:** June 1, 2015

                                                        s/ Staci M. Yandle
                                                        **STACI M. YANDLE**
                                                        **DISTRICT JUDGE**